IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **NEWSELL SHORTEN,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| § | |
| v. § | **CIVIL ACTION NO. H-99-1815** |
| § | |
| **CASEY R. SHERMAN, et al.,** § | |
| § | |
| **Defendants.** § | |

## MEMORANDUM OF DISMISSAL

This prisoner civil rights action was filed on June 11, 1999. The plaintiff alleged that two TDCJ-CID guards used excessive force against him. On September 25, 2000, the Court entered an Order directing the Clerk to issue summons and the United States Marshal to serve copies of the complaint and related pleadings on the two defendants. One of the guards, Ricky Miller, was served and a trial was held in 2003 in which the charges against Miller were dismissed. The other defendant, Casey R. Sherman, could not be served because he was on active duty overseas. The court granted the defendant's motion to stay and held the action in abeyance until Sherman was discharged from active military service. Docket Entry No. 70. The court also instructed the Attorney General to file an advisory withing ten days of Sherman's discharge. *Id*.

The court subsequently reinstated the action and ordered the Office of the Attorney General to file an advisory informing the court of Sherman's whereabouts. Docket Entry No. 76. In response to the court's Order, the Office of the Texas Attorney General filed an advisory stating that Sherman was stationed in Korea but could not specifically locate Sherman or state when he would be available for trial. Docket Entry No. 78. The court issued a subsequent Order (Docket Entry No.

79) instructing both the Office of the Texas Attorney General and the plaintiff to file an updated advisory informing the court of Sherman's location and availability for trial. The court also notified the plaintiff that this action would be dismissed if Sherman could not be served for want of address. *Id.* The Attorney General responded by advising that Sherman could not be located or contacted despite efforts to find him. Docket Entry No. 85. The plaintiff filed an advisory indicating that Sherman was stationed in Korea. Docket Entry No. 83. The plaintiff has since informed the court that he has been released (Docket Entry No. 86), but no further action has been taken to locate or serve Sherman.

Under the Federal Rules of Civil Procedure, a district court may dismiss a complaint *sua sponte* if the defendant is not served within 120 days of the complaint's filing date. FED. R. CIV. P. 4(m). In consideration of the fact that the plaintiff was incarcerated when he filed this action, the court ordered the United States Marshal to serve the defendants; however, it is the plaintiff's responsibility to make sure that the defendants are served. *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). In most cases when the defendants are not served, the plaintiff is entitled to notice before the court dismisses the action and a dismissal is improper if the plaintiff shows good cause for failure to effect service. *Lindsey v. United States R.R. Retirement Bd.*, 101 F.3d. 444, 446 (5th Cir. 1996). The plaintiff has been notified previously that the action is subject to dismissal unless the defendant is served and it has been more than a year since the plaintiff's release. His *pro se* status does not alter the requirement to serve the defendants, and he was aware that he needed to remedy the failure to serve the defendant. *See Ellibee v. Leonard* 226 Fed.Appx. 351, 358 (5th Cir. 2007), *citing Rochon*, at 1110; *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED.R.CIV.P. 41(b); *Link v Wabash R.R.*, 82 S.Ct. 1386 (1962); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995). *See also* FED. R. CIV. P. 4(m); *McDonald v. United States*, 898 F.2d 466, 468 (5th Cir. 1990).

Accordingly, it is hereby **ORDERED** that this action be **DISMISSED,** without prejudice, for failure to perfect service.

**SIGNED** on this 15th day of September, 2010.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE